UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:  
PARRIS COLON,    :
:  
                                  Plaintiff,    :           20 Civ. 10130 (JPC) (SDA)
:  
             -v-              :           <u>ORDER ADOPTING</u>
:           <u>REPORT AND</u>
DEPARTMENT OF CORRECTIONS, *et al.*,    :           <u>RECOMMENDATION</u>
:  
                              Defendants.    :
:  
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

    Plaintiff Parris Colon brings this action under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment right to equal protection and his Eighth Amendment (incorporated through the Fourteenth Amendment) right to be free from cruel and unusual punishment. By Order dated March 18, 2022, the Honorable Stewart D. Aaron, to whom this case has been referred for general supervision of pretrial proceedings, issued a Report and Recommendation, recommending that the undersigned dismiss this case without prejudice for failure to prosecute. Dkt. 36 ("Report and Recommendation").

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will review *de novo* the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Report and Recommendation at 6-7. No objections have been filed and the time for making any objections has passed.[1] The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Despite this waiver, the Court has reviewed *de novo* the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Thus, the Court adopts the Report and Recommendation in its entirety and dismisses this action without prejudice. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: June 14, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] The Report and Recommendation was mailed to the last known address for Plaintiff, who is appearing *pro se*, but the mailing was returned as undeliverable. *See* Dkt. 37. On April 19, 2022, the undersigned directed Defendants to file a letter addressing whether they knew of any other address for Plaintiff. *Id.* Defendants responded on April 26, 2022, explaining that they knew of no other address for Plaintiff and had repeatedly tried to call him without success. *See* Dkt. 38 at 1. The inability of Defendants and the Court to contact Plaintiff bolsters the Report and Recommendation's conclusion that the Court should dismiss the case for failure to prosecute. *See, e.g.*, *Graves v. Brann*, No. 20 Civ. 9416 (MKV), Dkt. 11 at 1 (S.D.N.Y. Oct. 7, 2021) (dismissing for failure to prosecute after the plaintiff failed to file an amended complaint by the court-ordered deadline and explaining that "[b]ecause Plaintiff has not provided an updated address with the Court, there is no way for the Court to contact him"); *Sneed-Owens v. NYU Langone Health Sys.*, No. 21 Civ. 3634 (LAP), Dkt. 19 at 1-2 (S.D.N.Y. Nov. 10, 2021) (dismissing for failure to prosecute after the plaintiff failed to oppose a motion dismiss and the plaintiff "never apprised the Clerk (or the Court) of her mailing address"); *Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing for failure to prosecute "[b]ecause it is impossible to proceed with th[e] case so long as plaintiff[']s whereabouts are not known").